**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ELIZAIDA RIVERA-CARRASQUILLO, ET AL**, <br><br>Plaintiffs,<br><br>v.<br><br>**EDUARDO BHATIA-GAUTIER, ET AL**,<br><br>Defendants. | CIV. NO. 13-1296 (PG) |
| **YAMILKA GARCÍA-MATOS, ET AL**,<br><br>Plaintiffs,<br><br>v.<br><br>**EDUARDO BHATIA-GAUTIER, ET AL**,<br><br>Defendants. | CIV. NO. 13-1384 (PG) |

## OPINION AND ORDER

The court hereby **GRANTS IN PART AND DENIES IN PART** the defendants' motions to dismiss (Docket No. 15 in Civil Case No. 13-1384; Docket No. 22 in Civil Case No. 13-1296).

The defendants first argue that the plaintiffs' claims against defendants are barred by the Eleventh Amendment, and thus, plaintiffs cannot maintain claims for monetary damages against the state and the individual defendants in their official capacities. However, the Eleventh Amendment does not preclude "official capacity" suits against state officers for injunctive or declaratory relief brought pursuant to federal law. See Ex parte Young, 209 U.S. 123, 159-60 (1908). State officials sued for injunctive relief in their official capacity are "persons" subject to liability under Section 1983. See Hafer v. Melo, 502 U.S. 21, 24 (1991) (citing Will, 491 U.S. at 71 n. 10.). In their response, the plaintiffs contend that they only seek prospective injunctive and declaratory relief against all defendants in their official capacities. The plaintiffs agree they cannot maintain claims for monetary damages against the individual defendants in their official capacity and the court thus **GRANTS** the defendants' request for dismissal of such claims.

```
CIV. NO. 13-1296 (PG)
CIV. NO. 13-1384 (PG)                                                    Page 2
```

This court must also dismiss plaintiffs' claim under the Fifth Amendment. It is well-settled that the Fifth Amendment "applies to actions of the federal government, not those of private individuals." See Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447, 449 (1st Cir.1983) (citing Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952)). Here, the complaint is brought against state and not federal actors. Accordingly, the court hereby **GRANTS** the defendants' request that the plaintiffs' due process claim under the Fifth Amendment be dismissed. See also Martinez-Rivera v. Sanchez-Ramos, 498 F.3d 3, 8-9 (1st Cir.2007) (affirming a *sua sponte* dismissal of plaintiffs' claims under the Fifth Amendment because the defendant police officers where state actors and not federal actors).

The defendants also request the dismissal of the plaintiffs' procedural due process claims under the Fourteenth Amendment. "Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest in continued public employment cannot be deprived of that interest without due process of law." Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5-6 (1st Cir.2000) (citing Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 263 (1st Cir.1987). "In a due process claim stemming from the termination of employment, 'a public employee must first demonstrate that he has a reasonable expectation, arising out of a statute, policy, rule, or contract, that he will continue to be employed.'" Acevedo-Feliciano v. Ruiz-Hernandez, 447 F.3d at 121 (quoting Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 101 (1st Cir.2002). "It is well established, both in Puerto Rico and in federal law, that a person has secured a property right in his employment if he has an expectation of continuity in said employment." Quiles Rodriguez v. Calderon, 172 F.Supp.2d 334, 344 (D.P.R.2001). The plaintiffs contend, however, that some plaintiffs, namely, Sonja Marcano-Ríos, Manuel Vélez-Santiago, Kathia Soto-Cepeda, Elvin Cabán-Muñiz, Héctor Medina-González, Yamilka García-Matos, Ricardo Casellas-Morales, Carlos X. Cotto-Román, had contracts that expired on January 31, 2012 and were not afforded due process prior to their removal before the expiration of their contracts. See Docket No. 27 in Civil Case No. 13-1296; Docket No. 21 in Civil Case No. 13-1384. The named plaintiffs have plausibly plead their procedural due process claims, and thus, the defendants' motion is thus **DENIED** as to these particular plaintiffs.

The defendants also request the dismissal of the plaintiffs' substantive due process claims. The Fourteenth Amendment due process guarantee has both procedural and substantive aspects. Amsden v. Moran, 904 F.2d 748, 753 (1st

```
CIV. NO. 13-1296 (PG)
CIV. NO. 13-1384 (PG)                                                 Page 3
```

Cir.1990). A "claim is cognizable as a violation of substantive due process only when it is so extreme and egregious as to shock the contemporary conscience." McConkie v. Nichols, 446 F.3d 258, 260 (1st Cir.2006); see also Albright v. Oliver, 510 U.S. 266, 272 (1994)) ("Substantive due process claims generally have something to do with 'matters relating to marriage, family, procreation, and the right to bodily integrity' rather than property or employment issues."); Bibiloni Del Valle v. Puerto Rico, 661 F.Supp.2d 155, 185 (D.P.R.2009) ("The very nature of this constitutional protection has caused that substantive due process protection be used sparingly."). The First Circuit has held that a plaintiff's substantive due process claims, in connection with allegations of political discrimination, are coextensive with his First Amendment claims. See Ramírez v. Arlequín, 447 F.3d 19, 25 (1st Cir.2006)) (citing Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 46 (1st Cir.1992)). As a result, "where the plaintiffs have stated a viable First Amendment claim for the very same conduct, [the court] declined to 'enter the uncharted thicket of substantive due process to find an avenue for relief.'" Id. (internal citations omitted).

In response, the plaintiffs argued that their "claims under the Substantive Due Process Clause are not 'for the very same conduct.' While the political discrimination claims are based on both the individual and joint acts of the Defendants, the Substantive Due Process of Law claims are based on the extensiveness and pervasiveness of the same." See Docket No. 27 at page 12 in Civil Case 13-1296; Docket No. 21 at pages 12-13 in Civil Case 13-1384. Accordingly, the plaintiffs request that the court hold in abeyance the resolution of this request for dismissal until the record is more fully developed. The court disagrees. "The First Circuit Court of Appeals has held that substantive due process "is an inappropriate avenue of relief" when the conduct at issue is covered by the First Amendment." Quiles-Santiago v. Rodriguez-Diaz, 851 F.Supp.2d 411, 427 (2012) (quoting Pagan v. Calderon, 448 F.3d 16, 33 (1st Cir.2006)). "It is the First Amendment, not the Fourteenth Amendment, that guards individuals against state-sponsored acts of political discrimination or retaliation. … Thus, when allegations of political discrimination and retaliation are covered by the First Amendment, those allegations cannot serve as a basis for a substantive due process claim." Quiles-Santiago v. Rodriguez-Diaz, 851 F.Supp.2d at 427 (internal quotation marks and citations omitted). Therefore, the defendants' request is **GRANTED** and plaintiffs' substantive due process claims are **DISMISSED WITH PREJUDICE.**

```
CIV. NO. 13-1296 (PG)
CIV. NO. 13-1384 (PG)                                              Page 4
```

For the reasons stated above, defendants' requests for dismissal (Docket No. 15 in Civil Case No. 13-1384; Docket No. 22 in Civil Case No. 13-1296) are hereby **GRANTED IN PART AND DENIED IN PART.** Therefore, (1) any claim for monetary damages against the individual defendants in their official capacity is **DISMISSED WITH PREJUDICE;** (2) the plaintiffs' due process claim under the Fifth Amendment is **DISMISSED WITH PREJUDICE;** (3) plaintiffs Sonja Marcano-Ríos, Manuel Vélez-Santiago, Kathia Soto-Cepeda, Elvin Cabán-Muñiz, Héctor Medina-González, Yamilka García-Matos, Ricardo Casellas-Morales, Carlos X. Cotto-Román procedural due process claims under the Fourteenth Amendment remain; (4) plaintiffs' substantive due process claims are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 23, 2013.

```
                                    S/ JUAN M. PEREZ-GIMENEZ
                                    JUAN M. PEREZ-GIMENEZ
                                    U.S. DISTRICT JUDGE
```